IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRANSPECOS BANKS, SSB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:25-CV-00050-FB-HJB |
| | § | |
| MOSES D. LUEVANO, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S ORIGINAL ANSWER AND DEFENSES

Defendant **Moses D. Luevano**, by and through his counsel, submits his Answer and Defenses to Plaintiff TransPecos Banks, SSB Original Petition and Verified Application for Temporary and Permanent Injunction (the "Complaint") as follows:

**A.     Admissions & Denials**

Defendant admits and denies as follows to the allegations set forth in the Complaint:

### Nature of the Case

1.     Defendant admits to being hired by Plaintiff and denies the remaining allegations in the first (non-numbered) paragraph of the Complaint.

2.     Defendant is without sufficient information to admit or deny the allegations in the second (non-numbered) paragraph of the Complaint. Therefore, those allegations are denied.

3.     Defendant denies not communicating with Plaintiff and is without sufficient information to admit or deny the remaining allegations in the third (non-numbered) paragraph of the Complaint. Therefore, those allegations are denied.

## I.
## Discovery Control Plan

4. The allegations contained in Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

## II.
## Parties

5. Defendant admits Plaintiff has a place of business at 1305 E. Houston, St. Bldg. 1, Ste. 1200, San Antonio, Texas 78205, but denies the remaining allegations in paragraph 2 of the Complaint.

6. Defendant admits he is a resident of San Antonio and denies the remaining allegations in Paragraph 3 of the Complaint.

## III.
## Venue and Jurisdiction

7. The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

8. The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

## IV.
## Facts

9. Defendant admits Plaintiff and Defendant had discussions concerning a prospective joint venture, and lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 6 of the Complaint.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

11. Defendant denies the allegations in Paragraph 8 of the Complaint.

12. Defendant admits a sale of the BankMD loan portfolio never occurred and his employment with Plaintiff was terminated on or around June 28, 2024. Defendant denies it was agreed that Plaintiff would retain ownership of the BankMD brand until the sale of substantially all of the BankMD loan portfolio occurred and lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

14. Defendant denies the allegations in Paragraph 11 of the Complaint.

15. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

16. Defendant admits he sent a preservation notice to Plaintiff and denies the remaining allegations in Paragraph 13 of the Complaint.

17. Defendant denies the allegations in Paragraph 14 of the Complaint.

18. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

19. Defendant denies the allegations in Paragraph 16 of the Complaint.

## V.
## Causes of Action

20. The allegations contained in Paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

21. Defendant denies the allegations in Paragraph 18 of the Complaint.

22. The allegations contained in Paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

23. The allegations contained in Paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

24. The allegations contained in Paragraph 21 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

25. Defendant denies the allegations in Paragraph 22 of the Complaint.

26. Defendant denies the allegations in Paragraph 23 of the Complaint.

27. Defendant denies the allegations in Paragraph 24 of the Complaint.

28. The allegations contained in Paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

29. Defendant denies the allegations in Paragraph 26 of the Complaint.

30. The allegations contained in Paragraph 27 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

31. Defendant denies the allegations in Paragraph 28 of the Complaint.

32. The allegations contained in Paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

33. Defendant denies the allegations in Paragraph 30 of the Complaint.

## VI.
## Declaratory Judgment

34. The allegations contained in Paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

35. The allegations contained in Paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## VII.
## Application for Temporary and Permanent Injunction

36. The allegations contained in Paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 33 of the Complaint.

37. The allegations contained in Paragraph 34 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 34 of the Complaint.

38. The allegations contained in Paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

39. The allegations contained in Paragraph 36 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 36 of the Complaint.

40. The allegations contained in Paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 37 of the Complaint.

41. The allegations contained in Paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## VIII.
## Attorney's Fees

42. Defendant denies the allegations in Paragraph 39 of the Complaint.

## IX.
## Conditions Precedent

43. Defendant admits the allegations in Paragraph 40 of the Complaint.

## X.
## Requested Relief

44. Defendant denies Plaintiff is entitled to the relief demanded in the last paragraph of the Complaint.

B.   **Affirmative and Other Defenses**

45.   <u>Fraud</u>.  Defendant is not liable to Plaintiff because of fraud. Plaintiff made multiple material representations to Defendant, and concealed material facts, regarding their joint venture and the resulting agreements, upon which Defendant reasonably and justifiably relied on in sharing and providing access to his intellectual property with Plaintiff. These representations included, but are not limited to, that Defendant would maintain ownership of all intellectual property associated with BankMD.  Plaintiff knew these representations were false or acted with reckless disregard for their truth. Plaintiff made these representations intending for Defendant to rely on them. As a result of Defendant's reliance on these misrepresentations, he has suffered damages.

46. <u>Prior Rights</u>.  Moses Luevano acquired prior rights in the BANKMD Marks and domain name before TransPecos used the BANKMD Mark (if at all) or filed the '116 Application.

47. <u>Implied License</u>.  Assuming *arguendo* that Luevano operated the BANKMD pursuant to his role as an employee of TransPecos, he did so pursuant to an overall joint venture with TransPecos and the joint venture created a license in Luevano to use the BANKMD Marks.

48. <u>Estoppel</u>.  Acquiescence and Laches. Luevano acquired the bankmd.com domain and launched the website seven to eight years ago. TransPecos knew about the website and Luevano's use of the BANKMD Marks at that time. TransPecos waited approximately seven years to object and bring this lawsuit. Assuming *arguendo* TransPecos has any trademark rights in the BANKMD Marks, TransPecos benefited from Luevano's registration and use of the domain as well as Luevano's use of the BANKMD Marks. Moreover, Luevano invested time and resources into the domain and BANKMD Marks. Luevano relied on TransPecos's conduct in continuing to maintain and grow the domain and BANKMD Marks.

49. <u>Unclean Hands</u>.  Assuming *arguendo* TransPecos has any trademark rights in the BANKMD Marks, TransPecos benefited from Luevano's activities for years before trying to claim full ownership. TransPecos then made a "take it back for free" demand after years of accepted use, which was inequitable. Moreover, TransPecos obtained the '757 Registration based on misrepresentations to the USPTO, which include misrepresentations about: ownership of the BANKMD Marks; as to the source of the trademark specimens submitted in support of the '757 Registration; and use of the BANKMD Marks by TransPecos.

50. <u>Failure to Mitigate Damages</u>.  TransPecos waited months after terminating Luevano and even longer after learning about the domain and Luevano's trademark use before taking legal action against Luevano. Earlier action could have prevented some, if not all, of the alleged damages

by TransPecos.

51. <u>Set-Off/Recoupment</u>. Luevano incurred costs associated with registering and maintaining the domain, along with launching and maintaining the BANKMD Marks. Those costs added up over several years. There were additional costs associated with the value of Luevano's services in managing the domain and BANKMD Marks. Assuming *arguendo* TransPecos has any trademark rights in the BANKMD Marks, Luevano is entitled to an offset.

52. Defendant denies liability, but alternatively asserts Plaintiff is barred from recovering any punitive or exemplary damages because Defendant acted in good faith and without malice or reckless indifference at all material times, such that any alleged act or omission was not willful.

53. Solely in the event Plaintiff succeeds in proving some or all of their allegations, which are denied, any damages sought are subject to the applicable caps and/or limitations imposed by law.

54. By pleading the foregoing affirmative and other defenses, Defendant does not assume the burden of proof on these defenses, except to the extent required on pure affirmative defenses.

55. Defendant reserves the right to amend its pleadings to assert additional defenses that may become apparent during the course of this litigation as more facts become available, including affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. To the sole extent any defenses or legal theories may be interpreted as being inconsistent, Defendant states such defenses, or legal theories are pleaded in the alternative.

**C.    Prayer**

Wherefore, Defendant Moses D. Luevano respectfully prays that Plaintiff's complaint be dismissed and that Plaintiff take nothing thereby; that Defendant be awarded its costs in this matter, including, but not limited to, reasonable attorney's fees as permitted by law; and that Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**CLAUSEWITZ REYES**
2338 N. Loop 1604 W., Suite 115
San Antonio, Texas 78248
Telephone: (210) 762-6422
Facsimile: (210) 762-6899

By: _/s/ Shellie R. Reyes_
    Tiffanie S. Clausewitz
    State Bar No. 24051936
    tiffanie@clausewitzreyes.com
    Shellie R. Reyes
    State Bar No. 24082115
    shellie@clausewitzreyes.com

**GUNN, LEE & CAVE, P.C.**
8023 Vantage Drive, Suite 1500
San Antonio, Texas 78230
(210) 886-9500 Telephone
(210) 886-9883 Fax
Nick Guinn
State Bar No. 24087642
E-mail: nick@gunn-lee.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, I electronically filed a true and correct copy of this document using the Court's Electronic Case Filing System ("ECF"), pursuant to the Western District of Texas Local Rules. Notes of the filing were served by operation of the Court's ECF, e-mail, and/or regular U.S. mail, postage pre-paid, on the following counsel of record:

Ross Sutherland
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado St., Suite 2400
Austin, Texas 78701

**Attorney for Plaintiff**

    _/s/ Shellie R. Reyes_

Civil Action No. 5:25-CV-00050-FB-HJB